Filed 1/9/24  P. v. Huffman CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080355 |
| v. | (Super.Ct.No. INF1600339) |
| GEORGE DAVID HUFFMAN, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Samuel Diaz, Jr., Judge. Affirmed and remanded with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

This is defendant and appellant George David Huffman, Jr.'s second appeal following a remand for resentencing. In this second appeal, defendant contends: (1) the trial court abused its discretion by imposing the middle term without stating on the record why it believed a lower term would be contrary to the interests of justice; and (2) this court should order the trial court to correct the date of the resentencing hearing and the award of custody credits in the amended abstract of judgment. We agree that the amended abstract of judgment requires correcting but reject defendant's first claim of error. We therefore remand with directions to amend the abstract of judgment to reflect the correct date of the resentencing hearing and the custody credit award but affirm in all other respects.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

While 73-year-old E.B. was pushing a shopping cart to a parking lot cart corral, defendant jumped into the driver's seat of E.B.'s car and drove away. He then ran a red light and crashed into D.A.'s car, seriously injuring D.A. and his wife N.A. A draw of defendant's blood revealed that he had a blood alcohol content level well above the legal

---

[1] A summary of the factual background is taken from defendant's prior nonpublished appeal in case No. E075495. (See *People v. Huffman* (July 21, 2022, E075495).)

limit. Testing also revealed that defendant had diazepam (Valium) and its metabolite, nordiazepam, in his system.

A jury convicted defendant of carjacking (Pen. Code, § 215, subd. (a); count 1); felony vehicle theft (Veh. Code, § 10851, subd. (a); count 2); causing injury while driving under the influence of alcohol (Veh. Code, § 23153, subd. (a); count 3); and causing injury while driving with a blood alcohol content of .08 or more (Veh. Code, § 23153, subd. (b); count 4). The jury also found true that E.B. was aged 60 or older (Pen. Code, § 1203.09, subd. (f)) and that, in committing counts 3 and 4, defendant caused injury to D.A. (Veh. Code, § 23558) and great bodily injury to D.A. and N.A. (Pen. Code, § 12022.7, subd. (a)). In a bifurcated proceeding, the jury found true that defendant had a prior conviction for vehicle theft (Veh. Code, § 10851). The trial court sentenced defendant to 11 years eight months in prison as follows: the upper term of nine years on count 1, a consecutive term of eight months on count 3, and a consecutive two-year term for the two great bodily injury enhancements; upper terms on counts 2 and 4 were stayed pursuant to Penal Code section 654.

Defendant subsequently appealed, and on July 21, 2022, we affirmed the judgment of conviction, but vacated his sentence and remanded the matter for resentencing under Penal Code section 1170, subdivision (b)(6). We explained that remand was "appropriate so that the trial court can exercise its discretion to decide whether defendant's psychological or childhood trauma was a contributing factor to his commission of the offenses and, if so, whether 'the lower term would be contrary to the interests of justice.'

3

[Citations.]" (*Huffman I*, *supra*, E075495, at pp. 16-20.) We further found that a full resentencing was appropriate because "'[a]pplication of the amended statute[ ] will require the trial court, at a minimum, to reconsider which triad term to impose for certain counts of conviction and which terms to stay under section 654.' [Citations.]" (*Id*. at pp. 19-20.)

The full resentencing hearing was held on December 2, 2022. The trial court resentenced defendant to a middle, five-year term on count 1 (the carjacking conviction) and left intact defendant's remaining sentences, resulting in a total term of seven years eight months. The court explained its sentence as follows: "During the trial, there was evidence that the defendant may have suffered from psychological mental illness. I believe it was bipolar. Dr. Harris testified. And at the point in time, the law did not exist—the particular law that did not exist when the Court sentenced the defendant and [*sic*] was Penal Code 1170, subdivision (b), subsection (6)—(b)(6)(A). [¶] And the Court has reviewed [Penal Code section] 1170[, subdivision] (b)(6)(A) in light of the remittitur and of the evidence presented to the jury. The Court is making a finding that voluntary intoxication is not a defense. That voluntary intoxication is not part of the analysis [of Penal Code section] 1170, subdivision (b)(6)(A). However, it was clear to the Court, the defendant suffered from bipolar and he was released from county jail. According to the defendant's own testimony, he did not receive any medication and then soon after, within a week or two, he committed these crimes. [¶] In light of the statute, the Court will recall the sentence for the carjacking. Instead of 9 years, being the

4

principal term, it will be the midterm of 5 years. [The] Court finds there is no unusual circumstances for a grant of probation. All the other remaining counts, . . . they are all to remain. [¶] New sentence, the aggregate total will be 7 years 8 months."

The trial court thereafter allowed the People to make a record of their opposition. The prosecutor stated: "I think my position is just that even though the Court—the remittitur has been issued, I believe the Court still has the power to do upper term if you find that the mental health condition, slash, psychological trauma was not a contributing factor in the commission of this offense. My position is that it was not a contributing factor based upon a couple pieces of evidence; mainly, that [defendant] chose specifically to steal a $65,000 sports car. So it's not like he was kind of making decisions like kind of just, oh, I need transportation. He had been in custody for a long time. He comes out and he elects to carjack a sports car. [¶] And then, if the Court may recall, [defendant] was severely injured in the crash, and then he ultimately fled from the hospital, like just ran away from the nurses and they chased him down the stairwell and he escaped the hospital rather than face punishment here. [¶] So I don't think—I think there is evidence that really what he was doing was intentional and that there isn't a mental health factor here, especially because the jury didn't buy it when they made their verdict." The prosecutor also noted that the victims desired defendant receive the upper term sentence.

The court replied: "I understand they were all elderly and they were all law-abiding citizens. And they should have never suffered any of this, especially the two that were in the hospital. . . . Because of their age, one, I believe, was in a coma for one or

5

two weeks, and so I understand. [¶] But I think the Court of Appeals wants me to look through this—based upon the evidence that was presented, to look through it through a different set of lens, the new law that was passed by the [L]egislature, and because of that, I do believe that 7 years 8 months is the appropriate sentence at this time. But I will note your objection."

After the court asked defense counsel whether he had anything to add, defense counsel responded, "Your Honor, considering the Court's ruling, we already had extensive discussions on this and discussed the change in the law and a lot of the circumstances of the case, so I'm just going to submit at this point." Defendant timely appealed.

III.

DISCUSSION

A. *Imposition of Middle Term*

Defendant argues the trial court abused its discretion by imposing the five-year middle term for the carjacking conviction without stating on the record why it believed a lower term would be contrary to the interests of justice. He believes the court failed to follow our order on remand when we ordered the court "to decide whether defendant's psychological or childhood trauma was a contributing factor to his commission of the offenses and, if so, whether 'the lower term would be contrary to the interests of justice.' [Citations.]" (*Huffman I*, *supra*, E075495, at p. 19.) He thus argues "the matter must be again remanded for resentencing so the court can either impose the low-term or explain

6

why the interests of justice preclude it from doing so." He further asserts that the low term is the presumptive term for a defendant with mental illness, so the midterm is an aggravated term that cannot be imposed under Penal Code section 1170, subdivision (b)(6).

The People respond that defendant forfeited his claim that the trial court erred by imposing the middle, five-year term without expressly stating why a lower term would be contrary to the interests of justice. Alternatively, the People contend that the trial court did not abuse its discretion in imposing the middle term because it properly considered defendant's psychological history and is presumed to have followed the law. The People further contend that assuming any error, a remand is unnecessary as the record clearly indicates the court would impose the same sentence.

Because defense counsel voiced no objection nor made any effort to point out the omission to the trial court, we agree with the People that defendant has forfeited this issue on appeal. It is well established that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356 (*Scott*); see *People v. Wall* (2017) 3 Cal.5th 1048, 1075 ["[A] defendant forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below."].) The rule of forfeiture applies in "'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular

7

sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons.'" (*People v. Boyce* (2014) 59 Cal.4th 672, 731.) This rule is particularly applicable where, as here, Penal Code section 1170, subdivisions (b)(5) and (c), require the court to state the reasons for sentence choice at the time of sentencing. (Pen. Code, § 1170, subd. (b)(5) ["The court shall set forth on the record the facts and reasons for choosing the sentence imposed."]; Pen. Code, § 1170, subd. (c) ["The court shall state the reasons for its sentence choice on the record at the time of sentencing."]; *People v. Powell* (2011) 194 Cal.App.4th 1268, 1297.)

The purpose of this requirement is to decrease the risk of error. (*Scott*, *supra*, 9 Cal.4th at p. 351.) "In the event ambiguities, errors, or omissions appear in the court's reasoning, the parties can seek an immediate clarification or change." (*Ibid*.) To this end, the forfeiture doctrine requires counsel to call to the court's attention "defects in the court's statement of reasons." (*Id*. at p. 353.) Forfeiture thus applies to arguments about "sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Id*. at p. 354.)

We disagree with defendant's implied contention that forfeiture does not apply here because the trial court failed to follow our remittitur order. A thorough examination of the trial court's statements at the resentencing hearing shows that the court did in fact properly follow our remand order. Because we conclude defendant forfeited his arguments concerning the trial court's imposition of the middle term on remand by

8

failing to object below when the sentence was announced, we decline to reach the substance of defendant's abuse of discretion claim.

In any event, we note that Penal Code section 1170, subdivision (b)(6), does not mandate a lower term in every case where psychological trauma contributed to the crime. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [amendments to Pen. Code, section 1170, subd. (b)(6) "[do] not require imposition of the lower term in every case"].) To the contrary, the Legislature explicitly authorized the court to impose greater punishment than the lower term when the aggravating circumstances outweigh the mitigating circumstances and the "imposition of the lower term would be contrary to the interests of justice." (Pen. Code, § 1170, subd. (b)(6).) That is what the court did here, concluding that the circumstances justified the middle rather than lower term despite the evidence of mental illness.

The trial court's decision was not irrational or arbitrary. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*); *People v. Carmony* (2004) 33 Cal.4th 367, 377 [a sentencing court "does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it"].) Thus, the court did not abuse its discretion in imposing the middle term. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 [appellate court reviews a trial court's sentencing decisions for an abuse of discretion].) "'"'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to

9

impose a particular sentence will not be set aside on review."' [Citation.]'"
(*Fredrickson*, at p. 988.) Therefore, we decline to do so.

      B. *Correction of the Amended Abstract of Judgment*

      Defendant also contends that we should order the trial court to correct the amended abstract of judgment to properly reflect the date on which he was resentenced, and to recalculate his presentence custody credits pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20 (*Buckhalter*). The People agree that the amended abstract of judgment contains the errors identified by defendant and that the amended abstract of judgment should be corrected.[2]

      The amended abstract of judgment notes August 3, 2020, as the sentencing hearing date, not December 2, 2022. Accordingly, we agree with the parties that the amended abstract of judgment should be corrected to reflect the date on which defendant was resentenced, December 2, 2022.

      Furthermore, the People correctly contend that the trial court should have recalculated defendant's custody credits when resentencing defendant on December 2, 2022, and thus erred in failing to give him any actual postsentence custody credit.

---

    [2] Defendant and the People initially believed the corrections defendant sought were moot due to defendant's release from prison on parole. The People nonetheless agreed to correct the errors "in light of the importance of maintaining accurate abstracts of judgment." In his reply brief, defendant agreed with the People and noted that it appears defendant's "situation has changed to such a degree that a corrected abstract of judgment may prove both necessary and beneficial." Defendant's appellate counsel noted that defendant currently had a new case and a parole violation pending before the Riverside Superior Court, case No. INF2300396. We agree with the parties that the amended abstract of judgment requires correcting.

10

"When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the actual time the defendant has already served and credit that time against the 'subsequent sentence.'" (*Buckhalter*, *supra*, 26 Cal.4th at p. 23, italics omitted; Pen. Code, § 2900.1 [when a sentence is modified while in progress, the time already served "shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts"].) Thus, when the trial court modifies a defendant's sentence on remand, it is required to recalculate custody credits and "in its new abstract of judgment, to credit [the defendant] with all actual days he had spent in custody, whether in jail or prison, up to that time." (*Buckhalter*, at p. 37, italics omitted.)

Defendant is entitled to postsentence custody credit for the actual days he spent in custody up to resentencing on December 2, 2022. The matter is thus remanded to the trial court to determine the number of days defendant has spent in actual custody, both presentence and postsentence, credit those days to defendant, and correct the amended abstract of judgment to reflect defendant's total credits.

IV.

DISPOSITION

We remand to the trial court with directions to correct the amended abstract of judgment to reflect the correct date of the resentencing hearing (December 2, 2022) and to recalculate defendant's custody credits. The recalculation should include all time served since his initial incarceration, including presentence jail credits and credits earned

11

while incarcerated in prison prior to and through the resentencing date.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____
J.

We concur:

RAMIREZ_____
   P. J.

RAPHAEL_____
  J.